Good morning, your honors. Alexis Fallon for the appellant Amanda Armstrong et al. This is an appeal from the decision of the District Court of the Northern Marianas Islands concluding that matters arising under the Internal Revenue Code as applied as a local territorial income tax are matters properly before the local court and not matters of federal court jurisdiction. I want to make sure I understand your claim. Does it arise under those provisions of the law of the commonwealth that were acted in supplement to the IRC code that was adopted? No, your honor. My arguments are both under two parts. One, there's an interest provision that's provided for under the Internal Revenue Code that's adopted by U.S. Congress or mandated to be adopted by U.S. Congress to the commonwealth, which is an interest. It has to accrue on late paid rebates, too, as the rebate provision is also statutorily defined and restricted under federal law under 48 U.S.C.S. 1843. Thereby, what happened was Congress wanted to make, was very explicit in making sure that the understanding of rebate was that it had to be paid in and then... Does the claim for the rebate, though, arise under the commonwealth provisions? No, they arise under the Internal Revenue Code. It's interest provisions, your honor. It's a failure to accrue interest on late paid rebates. But the rebates were due under the local code, right? No, they're due also under the federal law, too. The federal law allows and permits the local government... Let me ask you this. Is the, under the covenant, is the IRC self-executing in the commonwealth? Interesting question, your honor. Interesting question. I would take that this provision is self-executing, however... Why? Because of the fact it was so clear, Section 601A of the covenant mandate. Income tax laws that are enforced in the United States will come into force in the Northern area on this island as a local territorial income tax, in the same manner that those laws are enforced in Guam. Guam also has a rebate law as well, your honor. And they do fall all within the purview of the District Court of Guam. So the IRC, is it your position the IRC would be enforceable in the islands without the local legislature taking any action whatsoever? Absolutely, your honor. Your honor, the MIRA code, it's called in legalese terms like what we use in tax law, MIRA code is slang for basically the adoption of the Internal Revenue Code in the Virgin Islands, in American Samoa, and in Guam, and now lastly in the Sinai. American Samoa, however, in the last five years has delinked from the MIRA code, which was provided for by statute by Congress, gave them a four-part test in order to get out of it. Isn't the covenant here a little bit different than in Guam and other islands? Interesting. It's kind of unique. It is unique. I looked at it in comparison to all the others. Yes, it is a unique relationship. However, in the matters of taxation, there's full preliminary authority asserted by U.S. Congress in the matter of taxation. With regards to matters of self-determination under Section 105, those matters were not, tax matters were never reserved nor ever contemplated. Let me understand this. The income tax that is paid in by citizens in the CNMR is pursuant to this code? Correct. And that's the income tax that they pay. There's no separate tax levied by the federal government or by the local government. Okay. There's actually two levels of tax. There's no, first off, I'll take the first part of the question, which is federal taxation. There is no federal tax collection in the CNMR. There's a provision because it's a respect of tax sovereignty for each of the islands of the different territories, which is all tax revenue related to their residents will be retained by the residents. And if, by example, the federal government happened to collect taxes based on these residents, they have to cover it back to the local treasury. So that's one part. The second part is there is two levels of local taxation in Saipan. One is Chapter 2, which is a local wage and salary tax, and what they term Chapter 7, which is a federal, the federal income tax. And the local wage and salary is similar to a state wage and salary tax. So they actually have two taxes. This Chapter 2 tax is not at issue right now because it is not rebatable, nor refundable, nor credit. So it is not at all a part of this. This is only dealing with income tax under Chapter 7, which is the Internal Revenue Code, and only the rebated portions thereof. All right. Any further questions? All right. Thank you. Okay. I was going to suggest it's of some worry to me that Section 903 was not raised in the district courts proceedings or in the taxpayers or in your opening brief. And, therefore, it seems to me that it's waived. 903 being the one that is to go after. How is that Section 903? Dealing with going to the Congress and asking for a special. Well, excuse me, Your Honor. Back in 1983, that was exercised by the governor of the North Mariana Islands. He actually did request on three occasions to delay the application of the Internal Revenue Code as it applies as a local territorial income tax. And in 1983, they granted him his third extension. And in that, they had an extensive congressional record regarding the history and the application of the Internal Revenue Code as it applies as a local territorial income tax. Well, but my worry is that you now cite us, the governor of Section 903, as a reason why they're subject matter of jurisdiction in the district court. I think I thought I cited to 601, Your Honor. Your principal argument was 601, 602. Right. So you're abandoning any 903? I did not even. It doesn't sound. All right. I'm glad. That's fine. Because it wouldn't be. If it wasn't there, I'm very surprised. It might have been a tycoon. The bottom line, though, is I guess as I understand your claim, because it's a mere code, it arises under 1331. Correct. That's basically it, correct? Correct. And, Your Honor, I'm really quite concerned because in tax world, all mere code jurisdictions have to have congruity and harmony. And if we start to make a special exception for the matter of the Commonwealth after it's already been ---- But you still have to look at the covenant and what the relationship between the United States government and the Commonwealth. Correct. And what they negotiated. Correct. And the history will prove that in my brief and in the records that they understood that the local territorial income tax as applied through the Internal Revenue Code would be in the same manner as Guam. In Guam, it's all in the federal court system. Well, Guam has a unique jurisdictional provision that doesn't apply, that doesn't exist here. Correct. However, prior to 1958, from 1951 to 1958, there were a series of four cases that dealt with the application of the mere code in Guam. And each time, the court concluded that it was properly in front of the federal district court. And it was only after, in 1958, that Congress codified and solidified the position that all tax matters would be in Guam, income tax matters in Guam, would be in the federal court because there was so much litigation about it. But it was consistent with prior decisions of the federal court. If this, would decisions, all amendments that Congress makes to the code are applicable as they are made? Correct. Would a decision of the United States Supreme Court be binding with respect to the interpretation of the local code? Well, actually, Your Honor, the local code, because it's the Internal Revenue Code as mandated by Congress, it incorporates by reference all the changes. And then the problem that we would have is if we did allow the local courts to have complete jurisdiction over income tax matters arising under the Internal Revenue Code, is inconsistent legal positions, especially with regards to Guam, because if we look at the legislative history, Congressman Burton was trying to get congruity and parity with Guam. And if we start to have two different court systems interpreting the Internal Revenue Code, we may have inconsistent results. And that's probably what I would be most concerned about as a tax practitioner, is I want congruity, certainty, harmony. If it's done in all the other insular areas in the same manner. Well, if I remember correctly, there's a provision in the local, in the CMC code, you know, in the code, when they adopted the mere code, when they took steps to do this, that they said, the courts in the Northern Mariana Islands shall look to the regulations promulgated by the IRC, the decisions of the circuit courts and the Supreme Court decisions in interpreting the code. The only concern I have, Your Honor, is that if every state decides to mandate its own mere image of a federal statute, that then therefore it would divest the federal court of its jurisdiction. I don't think that would happen. Yeah. Okay. Thank you very much, Your Honor. Good morning, Your Honors. May it please the Court. I'm Acting Attorney General Greggy Bockert from the Commonwealth of the Northern Mariana Islands. Before I begin my substantive argument, I just wanted to verify whether the Court had received my errata about, I just filed it last Friday, and it was just the one line where I miscited on my answering brief on page 8 at line 4. On the second word, it says supra at 1, and it should have said infra at 23. Did the Court receive copies of that? I'm sure we did. Yes, Your Honor. If not, I have extra copies. What this case is about at its heart, Your Honors, is whether the Commonwealth of the Northern Mariana Islands could be hailed into court in any one of the 94 districts of the United States to answer taxpayer lawsuits, despite the clear language of Congress in saying that this is a local territorial income tax. And when we say local, I'm not basing it just on a semantics between local and separate, but on the clear language of Section 601, and that the language of Section 601 says it shall be applied in the manner it's applied in Guam. That means that all the hundreds and hundreds of sections of tax law are applied the same. It doesn't mean we incorporate by reference a jurisdictional provision that nowhere exists in the applicable laws for the CNMI. In other words, 601, which says that we're going to have this, and by the way, it's not self-executing. If it were self-executing, then Congress wouldn't have needed to provide postponements three or four times, as cited in Appellant's brief, because... So the local legislature had to take action. They had to take it. This is not a question of the CNMI doing some revolution and doing something it didn't want. The United States has been aware of this for 30 years. There has never been a case deciding substantive tax law. Oh, and by the way, on Section 903, we're not conceding that they've waived it by any means, but in their brief, in their reply on page two, they do cite a case that says that jurisdiction can be open to... Well, the rule doesn't apply when the waiver is jurisdictional. But if you look up the citation, it relies on a citation that jurisdiction is open to challenge at any time, which is not the same thing that you can... It's hanging her hat on 901, as I just understood. Yeah, it's 903. 903, I'm sorry. Yeah, so I'm not conceding that they haven't waived it. But even if it was waived, it doesn't matter. And the reason is, is because the district court has already ruled on the substantive basis. In other words, there's two aspects of jurisdiction. One, you could say, hey, you have jurisdiction to decide the big architectural issues here, of whether or not it applies. You have jurisdiction to decide your jurisdiction. We're not contesting that. But they're trying to hang their hat on saying, oh, well, therefore, anything that proceeds in any way from the covenant is subject to federal jurisdiction. And that's certainly not the law. We have the Milne case cited in page 20 of my answering brief. You don't just get to bootstrap anything that's tangentially, even if it's important. So I say tangentially. Okay, we can use a different word. It's still not what Congress intended. And here's the big proof. Here's the big key issue. Organic Act of Guam, page 13 of my brief, I laid out in full. They have three different provisions that say the jurisdiction shall not be transferred to any other court of the legislature. That's section H5, 31H5, or also known as 48 U.S.C. 1421I. Or section 4, in any district court of the United States. So that means that the Guam territorial income tax can be heard anywhere. But section 601 of the covenant says nothing about that. So what they're doing is they're saying, using the term in like manner, and trying to bootstrap that to try to incorporate by reference a wholly inapplicable Guam organic act provision. That's not part of the – I think I've hit the high points. So let me just see if I understand your – so your position is that under 601 or 602, after which provision it is of the covenant, the local legislature had to adopt the Internal Revenue Code as its income tax. Yes, Judge Pius, that's correct. And they did. Right. As a local law. After some delay. Now, if they hadn't – see, it is a federal law as well. But it's – in other words, IRC is a federal law, and the provisions, they made it as a federal law, but the covenant said that they had to incorporate it as a local law. And that's what the local government did. So it's treated as a local law. It's treated as a local law. What happens to the money? The money goes to the CNMI government. And the problems, you know, they say – The IRS doesn't collect it. They don't collect it, no. They never see it. Now, we're having – you know, there's an argument made that this is done to save money. But talking about saving money, you know, now we have questions whether the U.S. is in a recession. The Commonwealth is in a depression. I mean, you can look at the numbers. There was just a report issued just last week funded – or two weeks ago funded by the Department of the Interior. There's GAO reports. You know, the budget of the Commonwealth government is traditionally noticeable. You know, it's gone from $210 million to $193 million to $168 million. Now we're looking at the $150 million. The Office of the Attorney General, of which I'm the acting AG, has gone from 30 attorneys at the end of 2005 down to 20 in 2006, up to 23. Now we're down to 17. And so with our 17 attorneys prosecuting all the criminal and civil laws of the Commonwealth, they want us to now file motions to, you know, all over the country in every district court, wherever any former CNMI taxpayer has moved on to, to at least try to – That's contrary to what the Congress of the United States meant when they said that it has to be a local territorial income tax. Yeah, when counsel was explaining to me that the claim for rebate, or an interest on the rebate bill, the so-called heart of the claim. Okay, that's not – Section 1943 just gives permission for the CNMI to do it. But again, it had to be implemented by a local law. So it's not based on federal law, except in just a grand sense. Everything is based on – after all, the Constitution. Everything is based on the covenant. Everything is based on the applicable federal tax laws. But when you get down to the specifics, if you read Section 1943, 48 U.S.C., all it says is that the CNMI may rebate, and it has some limitations. And then they adopted some provisions to allow for the rebate. Right. In Title IV of the Commonwealth Code, Section 1701, it's equated up to 1708, which are in my brief. Okay. Are there any other questions from the court? So it's good to be in. I wish I could reserve extra time, but I don't want to waste the court's time either. Thank you, Your Honor. Do you want a minute? I think that there – just a quick summary at the last minute. I'll just take one minute. Basically what happens is that rebate law also applies in Guam as well as the Virgin Islands. There's a tremendous amount of litigation from both of those jurisdictions regarding their rebate. And in Guam's case, it's called the Economic Development Corporation's exemptions. So just the mere fact that they allow for local legislation to create the rate of rate rebate does not undermine the federal jurisdiction or the exertion of federal plenary authority in the matters of income tax matters in all of the possessions. Thank you. Thank you. The case to start with is submitted for decision. We'll hear the next case, United States v. Senechian.
judges: Schroeder, Paez, Smith